IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LUIS COTTO, :
:
    Plaintiff, : CIVIL NO. 3:CV-10-343
:
v. :
:
: (Judge Vanaskie)
SUPERINTENDENT FRANK TENNIS, et al., :
:
    Defendants. :

## MEMORANDUM

Background

Luis Cotto, proceeding pro se, initiated this civil rights action regarding his prior confinement at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview).[1] Along with his Complaint, Cotto has submitted an application requesting leave to proceed in forma pauperis.

Named as Defendants are the following SCI-Rockview officials: Superintendent Franklin Tennis; Deputy Superintendents Robert Marsh and Brian Thompson; Captain Eaton; and Correctional Officer Koleno. The Complaint, which is accompanied by numerous supporting documents, alleges that on or about July 12, 2009, Plaintiff approached CO Koleno while

---

[1] On March 9, 2010, Plaintiff filed a notice indicating that he has been transferred to the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill). (Dkt. Entry # 15.)

housed in general population at SCI-Rockview and told the officer that his life was being threatened by Latino gang members residing in different housing units because they "percieved [sic] his conviction [sexual conduct with a minor] as not one acceptable by their standards of decency." (Dkt. Entry # 1, ¶ III(3).)

Plaintiff asserts that Koleno responded by issuing him a retaliatory disciplinary charge because the Defendant "also did not like Plaintiff's conviction and crime." (Id. at ¶IV (5).) Cotto adds that this charge was unnecessary because he was asking to be placed in administrative custody.[2] After being found guilty of the misconduct charge, Plaintiff was sanctioned to a forty-five (45) day term of confinement in the prison's Restricted Housing Unit (RHU). Following completion of that term Cotto was placed in Administrative Custody, where he remained for a prolonged period despite sending numerous requests to Defendants seeking a transfer to a different correctional facility. He concludes that Defendants were deliberately indifferent to his needs by keeping him confined in either the RHU or Administrative Custody for over seven (7) months rather than transferring him to another facility.

Cotto further contends that on or about December 1, 2009, Deputy Superintendent Thompson engaged in retaliation by threatening another prisoner who was assisting Plaintiff in

---

[2] CO Koleno charged Plaintiff with refusing to obey an order. The Defendant alleged that Cotto stated that he was refusing to lock up for count, adding that he wanted to be taken out of general population because he feared for his safety. It is also noted that Plaintiff was immediately placed in administrative custody.

2

filing institutional grievances and pursuing habeas corpus relief in the courts.  As relief, Cotto seeks punitive and compensatory damages.

The Complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b). For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

Emotional Injury

Plaintiff seeks damages for "mental anguish and pain."  (Dkt. Entry # 1, ¶ VI (2). Congress, however, has provided that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered

3

while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In Allah v. Al-Hafeez, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, § 1997e(e) bars recovery of compensatory damages. Since there are no physical injuries to Plaintiff described or alleged in the Complaint, a basis for an award of damages for mental anguish and pain has not been established.

Respondeat Superior

Three of the Defendants are Superintendent Tennis, Deputy Superintendent Marsh, and Captain Eaton. There are no allegations raised in the Complaint that any of these Defendants were involved in the acts of retaliation attributed to Koleno and Thompson. Cotto asserts only that Tennis did not take corrective action with respect to an administrative appeal from his misconduct charge, and that Tennis, Eaton, and Marsh refused to act on his requests for transfer.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

4

Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

It is initially noted that inmates do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") Consequently, any attempt by Plaintiff to establish liability against Tennis, Marsh, and Eaton solely based upon the substance or lack of their responses to his institutional grievances does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983

liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). Accordingly, Defendants Tennis, Marsh, and Eaton are entitled to summary dismissal.

Moreover, the claims against Tennis, Eaton and Marsh are further undermined by a copy of an August 24, 2009 letter sent to Plaintiff by Staff Assistant Jeff James of the Pennsylvania Department of Corrections. The letter, which is attached to the Complaint, asserts that "2 separate incentive based transfers" which were submitted to the DOC were denied "due to the lack of bed space" in the state correctional institutions. (Dkt. Entry # 1, Exhibit D at 2.) Accordingly, based upon Cotto's own submission, it is apparent that those Defendants did not ignore Plaintiff's transfer requests, but rather the requests were denied due to statewide inmate population control issues. It is also noted that Cotto has acknowledged that he was afforded a transfer as of March, 2010 (the month following the initiation of this action).

Misconduct Charge

The Fourteenth Amendment prohibits the states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to determine whether a due process violation has occurred, an initial determination must be made

that a protected liberty interest exists and, if so, the next step is to define what process is mandated to protect it.  See  Sandin v. Conner, 515 U.S. 472, 484 (1995).  A protected liberty interest may be created by either the Due Process Clause itself or by state law.  Id.  Due process requirements apply only when the prison officials' actions impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.  Conversely, there can be no due process violation where there is no protected liberty interest.  Courts within this circuit, applying Sandin in various actions, have found no protected liberty interest implicated by placement in disciplinary custody.  See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002) (because prisoners can reasonably anticipate transfer to disciplinary custody, placement in segregation as a disciplinary sanction did not implicate a protected liberty interest); Griffin v. Vaughn, 112 F.3d 703, 706-08  (3d Cir. 1997) (no liberty interest in avoiding fifteen (15) month placement in administrative custody because said confinement was not atypical); Smith v. Mensinger, 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven (7) months of disciplinary confinement did not implicate liberty interest).

      Considering the rules of law set forth in Sandin and the subsequent line of decisions by the Third Circuit Court of Appeals, this Court finds that Plaintiff's action, to the extent that it alleges denial of due process during his disciplinary proceeding is meritless because the

resulting forty-five (45) day period of RHU confinement did not implicate a protected liberty interest.

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." (Id.)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (Id.)(quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Rauser, 241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). The mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events.[3] See Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005).

---

[3] Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

8

With respect to Defendant Koleno, the filing of a false disciplinary charge is not a constitutional violation unless the charge was filed in retaliation for the exercise of a constitutional right. See Flanagan v. Shively, 783 F.Supp. 922, 931 (M.D. Pa.1992), aff'd., 980 F.2d 722 (3d Cir.1992). For example, the Third Circuit Court of Appeals has ruled that an allegation of falsifying misconduct reports in retaliation for an inmate's "resort to legal process" is a violation of the First Amendment guarantee of access to the courts. Smith, 293 F.3d 653 (citation omitted).

In the present matter, there is no claim by Plaintiff that he was issued a misconduct charge in retaliation for the exercise of a constitutional right as required under Rauser and Flanagan. Rather, Cotto vaguely contends that the misconduct was issued solely because CO Koleno did not like the nature of his underlying criminal conviction. Moreover, documents attached to the Complaint clearly establish that Plaintiff plead guilty to the misconduct, clearly undermining any assertion of retaliation. See Carter v. McGrady, 292 F.3d 152, 158 (3d. Cir. 2002) (viable retaliation claim not stated where preponderance of the evidence shows that defendants would have taken the same action for reasons reasonably related to penological interest). In conclusion, Plaintiff's claims relating to the purported issuance of a retaliatory misconduct will be dismissed.

9

Deputy Superintendent Thompson

It is alleged that on or about December 1, 2009, Deputy Superintendent Thompson engaged in retaliation against Cotto by threatening another prisoner who was assisting Plaintiff in filing institutional grievances and pursuing habeas corpus relief in the courts.

Inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). The United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

It appears that Plaintiff may be alleging that Deputy Superintendent Thompson violated his right of access to the courts by threatening another inmate who was assisting Plaintiff with his legal work.[4] There is no contention in the Complaint that Thompson's alleged conduct resulted in adverse action being taken against Cotto with respect to his pursuit of a non-frivolous legal claim. Consequently, because Plaintiff has not satisfied his burden under Lewis,

---

[4] The Court of Appeals for the Third Circuit has recognized that a pro se prisoner litigant such as Cotto cannot bring claims on behalf of other inmates. Weaver v. Wilcox, 650 F. 2d 22, 27 (3d Cir. 1981); Corn v. Sparkman, 82 F.3d 417 (6th Cir. 1996). Hence Plaintiff is not able to pursue a claim on behalf of the prisoner who was allegedly threatened by Thompson.

his Complaint to the extent it attempts to raise a denial of access to the courts claim is likewise subject to dismissal.

With respect to the assertion of retaliation against Thompson, Plaintiff contends (as was the case with CO Koleno) that the Deputy Superintendent's actions were motivated by his dislike of the nature of Plaintiff's underlying criminal conviction. Since there is no claim by Plaintiff that Thompson was acting in retaliation for the prisoner's exercise of a constitutional right as required under Rauser and Flanagan, a viable constitutional claim of retaliation has not been stated against Defendant Thompson.

Conclusion

Since Plaintiff's Complaint is "based on an indisputably meritless legal theory,: it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman, 904 F.2d at 195 n.3. An appropriate Order is attached.

                                      s/ Thomas I. Vanaskie
                                      United States Circuit Judge
                                      Sitting by Designation on the District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LUIS COTTO, :
      Plaintiffs : CIVIL NO. 3:CV-10-343
       :
v. :
       : (Judge Vanaskie)
SUPERINTENDENT FRANK TENNIS, et al., :
      Defendants :

## ORDER

NOW, THIS 1st DAY OF JULY, 2010, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The Complaint is DISMISSED WITHOUT PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

2. Plaintiff's request (Dkt. Entry # 3) for appointment of counsel is DENIED.

3. Plaintiff's motion for preliminary injunctive relief (Dkt. Entry # 10) is DISMISSED.

4. The Clerk of Court is directed to CLOSE the case.

5. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                      s/ Thomas I. Vanaskie
                                      United States Circuit Judge
                                      Sitting by Designation on the District Court